United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ROBERT BEARD,

          Plaintiff,

    vs.

CORRECTIONAL OFFICER PENNINGTON,

          Defendant.

                                /

No. C 14-3128 DMR (PR)

**ORDER OF SERVICE**

        Plaintiff, who is currently incarcerated at the California State Prison - Sacramento, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations stemming from his previous incarceration at Salinas Valley State Prison ("SVSP").

        Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.  Dkt. 5.

        His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

        Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district.  *See* 28 U.S.C. § 1391(b).

        In his complaint, Plaintiff names SVSP Correctional Officer Pennington as well as several Doe Defendants, including "C/O John Doe," "Bldg. A-4 Officers," "3rd Watch Medical Staff," and "Cecil Doe."  Dkt. 1 at 1, 9.[1]  Plaintiff seeks monetary damages.

**DISCUSSION**

**I.**      **Standard of Review**

---

     [1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

**United States District Court**
For the Northern District of California

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.   Legal Claims

### A.   Claim Against Defendant Pennington

In his complaint, Plaintiff alleges a claim of deliberate indifference to his safety in violation of his Eighth Amendment rights, stemming from a May 10, 2010 incident in which he was attacked by another prisoner, and Plaintiff has adequately linked Defendant Pennington to his claim.

### B.   Claims Against Doe Defendants

In the body of his complaint, Plaintiff identifies various Doe Defendants whose names he intends to learn through discovery, including "C/O John Doe," "Bldg. A-4 Officers," "3rd Watch Medical Staff," and "Cecil Doe."  Dkt. 1 at 9.  The use of Doe Defendants is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them.  *Id.*  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, any claims against these Doe Defendants are DISMISSED from this action without prejudice.  Should Plaintiff learn these Doe Defendants' identities through discovery, he may move to file an amended complaint to add them as named defendants and link them to specific constitutional violations.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

2

**United States District Court**
For the Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's allegations state a cognizable Eighth Amendment claim against Defendant Pennington.

2.      The claims against the Doe Defendants are DISMISSED WITHOUT PREJUDICE.

3.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to: **SVSP Correctional Officer Pennington.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4.     Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendant to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendant will be required to bear the cost of such service unless good cause be shown for Defendant's failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendant is asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendant has been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.  **Defendant shall also respond to the Notice of Assignment of Prisoner Case to a United States Magistrate Judge for Trial by filing a consent/declination form on the date the Answer is due.**

5.     Defendant shall answer the complaint in accordance with the Federal Rules of Civil

3

Procedure.  The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date the Answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino*, 747 F.3d at 1166 (overruling *Wyatt*, 315 F.3d at 1119, which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant is entitled to summary judgment under Rule 56. *Id.*  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  *Id.* at 1168.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

United States District Court
For the Northern District of California

1    motion is filed.

2             c.       Plaintiff is advised that a motion for summary judgment under Rule 56 of the

3    Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do

4    in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted

5    when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that

6    would affect the result of your case, the party who asked for summary judgment is entitled to

7    judgment as a matter of law, which will end your case.  When a party you are suing makes a motion

8    for summary judgment that is properly supported by declarations (or other sworn testimony), you

9    cannot simply rely on what your complaint says.  Instead, you must set out specific facts in

10   declarations, depositions, answers to interrogatories, or authenticated documents, as provided in

11   Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show

12   that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in

13   opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is

14   granted, your case will be dismissed and there will be no trial.  *Rand*, 154 F.3d at 962-63.

15            Plaintiff also is advised that -- in the rare event that Defendant argues that the failure to

16   exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available

17   administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without

18   prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did

19   exhaust your available administrative remedies before coming to federal court.  Such evidence may

20   include: (1) declarations, which are statements signed under penalty of perjury by you or others who

21   have personal knowledge of relevant matters; (2) authenticated documents -- documents

22   accompanied by a declaration showing where they came from and why they are authentic, or other

23   sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint

24   insofar as they were made under penalty of perjury and they show that you have personal knowledge

25   of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to

26   exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the

27   district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to

28   this portion of the case.  *Albino*, 747 F.3d at 1168.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    (The notices above do not excuse Defendant's obligation to serve similar notices again

2    concurrently with motions to dismiss for failure to exhaust available administrative remedies and

3    motions for summary judgment. *Woods*, 684 F.3d at 935.)

4        d.    Defendant shall file a reply brief no later than **fourteen (14) days** after the

5    date Plaintiff's opposition is filed.

6        e.    The motion shall be deemed submitted as of the date the reply brief is due.

7    No hearing will be held on the motion unless the Court so orders at a later date.

8        6.    Discovery may be taken in this action in accordance with the Federal Rules of Civil

9    Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose

10   Plaintiff and any other necessary witnesses confined in prison.

11       7.    All communications by Plaintiff with the Court must be served on Defendant or

12   Defendant's counsel, once counsel has been designated, by mailing a true copy of the document to

13   them.

14       8.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

15   informed of any change of address and must comply with the Court's orders in a timely fashion.

16   Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

17   while an action is pending must promptly file a notice of change of address specifying the new

18   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

19   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

20   (2) the Court fails to receive within sixty days of this return a written communication from the *pro se*

21   party indicating a current address. *See* L.R. 3-11(b).

22       9.    Extensions of time are not favored, though reasonable extensions will be granted.

23   Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

24   deadline sought to be extended.

25       IT IS SO ORDERED.

26   Dated: 11/26/14

27

28                                               DONNA M. RYU
                                                 United States Magistrate Judge